Cabell, J.
delivered the resolution of the court. The county court unquestionably erred in quashing the forthcoming bond, after it had, at a previous term, entered a judgement awarding an execution thereon. That judge-merit, so far as the county court was concerned, finally settled all questions as to the regularity of the bond. If the judgement was erroneous, it could only have been corrected by an appellate court. But, though the judgement and the bond on which it was founded, must be thus regarded as correct, yet it was still competent to the county court, to quash an execution irregularly sued out thereon. And there was manifest irregularity and injustice in the execution of March 1830. Thompson alone had retarded the execution on the bond, by the injunction ; and the damages resulting from that measure, should have fallen on him only. The execution should, therefore, have been so moulded as to subject Garnett to the payment of nothing more than the debt, interest and costs, due by the forthcoming bond. This was not done; it went against him for the damages also. The judgement of the circuit court overruling the motion to quash the execution, should, therefore, be reversed. But as the county court quashed the forthcoming bond, as well as the execution, that judgement must also be reversed, and judgement should be entered quashing the execution only.